**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

*United States v. Kenneth Ford*
Case No. 3:19-cr-00112-TMB-MMS-3

By:                 THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS:     ORDER FROM CHAMBERS

The matter comes before the Court on Defendant Kenneth Ford's Appeal from Magistrate Judge's Denial of Proposed Release ("Appeal").[1] Ford is charged with one count of conspiring to distribute and possess with the intent to distribute one kilogram or more of a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A).[2] Ford was ordered detained by the Magistrate Judge on October 16, 2020.[3] On April 22, 2020, U.S. Probation and Pretrial Services received a third-party custodian application requesting that Ford be released to the custody of his friend, Jennifer LaShawn Brown.[4] In the application, Ford proposed residing with Ms. Brown subject to GPS-electronic monitoring.[5] Upon Ford's motion, a bond hearing was held on May 5, 2020, during which Ms. Brown testified.[6] The Magistrate Judge rejected Ford's request for release, finding that he posed a risk of flight and danger to the community.[7] Ford timely appealed the Magistrate Judge's decision.[8]

The Court reviews *de novo* a Magistrate Judge's detention order under 18 U.S.C. § 3145(b).[9] Title 18 U.S.C. § 3142(f) provides that the judicial officer must hold a hearing to determine whether any condition or combination of conditions will reasonably assure the appearance of a defendant and the safety of any other person and the community.[10] To make its finding, the Court considers the factors listed in § 3142(g), including: (1) "the nature and circumstances of the offense charged," (2) "the weight of the evidence against the person," (3) "the history and characteristics of the person," and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release."

Where there is probable cause to believe the defendant committed a violation of the Controlled Substances Act, 21 U.S.C. 801 *et seq.*, for which there is a maximum term of imprisonment of ten

---

[1] Dkt. 138 (Appeal).
[2] Dkt. 12 (Indictment).
[3] Dkt. 9 (Order).
[4] Dkt. 133 at 1 (USPO Memorandum).
[5] *Id.*
[6] Dkts. 130 (Motion for Bond Hearing); 134 (Minute Entry).
[7] Dkt. 142 at 26–27 (Transcript).
[8] Dkt. 138.
[9] *United States v. Koenig*, 912 F.2d 1190, 1191–92 (9th Cir. 1990).
[10] 18 U.S.C. § 3142(f)(1).

1

years or more, there is a rebuttable presumption that no conditions of release will reasonably assure the presence of the defendant or the safety of the community.[11] To rebut the presumption, the defendant need only produce some evidence tending to show the conditions are sufficient to negate their risk of flight or danger to the community.[12] However, the burden of persuasion remains with the Government to show by a preponderance of the evidence that the defendant poses a flight risk or to show by clear and convincing evidence that the defendant poses a danger to the community.[13] "Any doubts regarding the propriety of pretrial release are to be resolved in favor of the defendant."[14]

Here, Ford has rebutted the presumption in this case. Nevertheless, applying the §3142(g) factors to this case, the Court is persuaded that detention is required. Ford is accused of a serious offense that carries the potential for a lengthy term of incarceration.[15] Furthermore, his alleged offense conduct is particularly serious, as he is alleged to have been an active participant in a conspiracy involving large quantities of narcotics.[16] Ford has also demonstrated an unwillingness to comply with court orders, conditions of release, or the rules of his detention facility. For example, Ford's criminal record includes assaultive conduct, misconduct involving controlled substances, and failure to appear—several of these offenses having been committed while Ford was already on probation.[17] Moreover, it is of great concern to the Court that, while Ford has been detained awaiting his trial, he has been subject to two disciplinary actions by the detention facility.[18] In light of these relevant factors, particularly Ford's long history of noncompliance, the Court finds that Ford poses a sufficient risk of flight to justify detention.[19]

Accordingly, Ford's Appeal at docket 138 is **DENIED**. The Court **HEREBY ORDERS** that Ford remain detained pending trial.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: June 2, 2020

---

[11] *Id.* § 3142(f)(3).
[12] *See United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).
[13] *Id.*; 18 U.S.C. § 3142(f)(2). *See also United States v. Santos-Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015).
[14] *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1198 (9th Cir. 2019) (internal citations omitted).
[15] Dkts. 1 (Complaint); 12.
[16] Dkt. 1 at 3–6.
[17] Dkts. 3 at 2–6; 142 at 6.
[18] Dkt. 133 at 2.
[19] Because the Court finds that Ford poses a sufficient flight risk, it need not and does not make a finding as to his dangerousness to the community.