# UNITED STATES DISTRICT COURT

# DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>  vs.<br><br>KENNETH ANTONIO KIAIRE FORD,<br><br>         Defendant. | 3:19-cr-00112-TMB-MMS-3<br><br>**FINAL REPORT AND RECOMMENDATION ON MOTION TO SUPPRESS [Doc. 104]**[1] |

## I. MOTION PRESENTED

Defendant, Kenneth Anotonio Kiaire Ford, is charged by indictment with one count of drug conspiracy in violation of 21 U.S.C. § 846 and 841(a)(1), (b)(1)(A). [Doc. 12]. Ford, through counsel, filed a "Motion to Suppress *purs[u]ant to US v. Hall*." [Doc. 104]. The Motion seeks to suppress evidence collected from the search warrant executed on 8040

---

[1] This report and recommendation is being issued as a final report and recommendation. Pursuant to Fed. R. Crim. P. 59(b)(3), any objections will be considered by the District Court Judge, who will accept, reject, or modify the recommendation, or resubmit the matter to the Magistrate Judge for additional consideration and recommendations.

*United States v. Ford*
3:19-cr-00112-TMB-MMS-3
Final R&R on Motion to Suppress [Doc. 104]

Boundary Avenue, Apartment [redacted], Anchorage, Alaska,[2] on October 2, 2019.[3] [Doc. 104 at 1-2]. Ford asserts that the search warrant lacked probable cause because of "reckless or intentional *concealment*" of a confidential informant's ["CI"] criminal history, which included a conviction for Felony Scheme to Defraud[4]. Per Ford, that conviction divested the CI—and, by extension, any information he/she supplied to law enforcement—of any credibility. [*Id*. at 5]. Because the search warrant in question relied upon the CI's information, Ford contends that the search warrant lacks "sufficient independent corroboration to provide probable cause." [*Id*. At 12].

The Government does not object to suppressing all items seized in the execution of the search warrant in question, though it "strongly disagrees with the contentions in the [D]efendant's motion."[5] [Doc. 110 at 1-2].

---

[2] *See* Doc. 104 at FN 2, in which defense counsel asserts that defendant's expectations of privacy rights should be respected because the affiant law enforcement officer names the above referenced address as "FORD's residence," and therefore it is established under Local Criminal Rule 47.1(b)(3), that the address should be private. The notice is untimely and a bit contradictory. Counsel filed the instant Motion in open court, without the process or forethought to seal the exhibit or redact the appropriate apartment number.

[3] Doc. 104 at FN 1 references no court assigned number to the search warrant. The search warrant was issued at 10:14 pm. The normal protocol for after-hour warrants does not require a case number for the judge to determine probable cause to issue a search warrant; rather a case number will be assigned the following business day, or as soon as practicable, by the clerk's office.

[4] AS 11.46.600.

[5] Per the Government, while it "strongly disagrees with the contentions in the [D]efendant's motion, including his construction of the affidavit supporting the warrant, [the] characterization of the affiant's conduct, and the ultimate conclusion that the search was illegal or improper;" it has no objection to suppressing all fruits of the search of 'Ford's residence' to preserve resources. [Doc. 110 at 1-2].

*United States v. Ford*
3:19-cr-00112-TMB-MMS-3
Final R&R on Motion to Suppress [Doc. 104]

Pursuant to 28 U.S.C. § 636(b)(1)(B), this Court hereby issues a Final Recommendation regarding this Motion. For the reasons set forth below, this Motion to Suppress should be GRANTED to the items seized at 'Ford's residence' on October 2, 2019.[6]

## II. CASE LAW

> If the defendant establishes perjury or reckless disregard of the concealment of material information by a preponderance of evidence, and with the concealed material provided, the resulting evidence is insufficient to establish probable cause, then 'the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause were lacking.' *U.S. v. Hall*, 113 F.3d 157, 159 (9th Cir. 1997)(*citing Franks v. Delaware*, 438 U.S. 154, 156 (1978)).

In *Hall*, the District Court and the 9th Circuit agreed, the withholding of a CI's criminal history that involved lying to the police was "material." The reviewing Magistrate Judge, District Court and the 9th Circuit concluded that, based upon the facts and the record, the issuing state magistrate judge would not have issued the search warrant without the CI's testimony. *U.S. v. Hall*, 113 F.3d at 159.

This Court notes a recent 9th Circuit case, *U.S. v. Carrasco*, wherein a "search warrant application [was found to] contain[] sufficient information to establish probable cause," even though an agent failed to provide additional details about a CI's criminal history. 807 F. App'x 708, 708 (9th Cir. 2020)(finding an agent's omissions of a CI's criminal history was not material to the probable cause finding of the search warrant

---

[6] This Report and Recommendation does not, in any way, support the assertions made by Ford in his Motion; without an evidentiary hearing to allow for findings of fact, this Court will not address the claims of concealment of facts or exaggeration of information provided by the affiant.

because co-defendant's statements were properly included providing the same information.); *but see U.S. v. Hall*, 113 F.3d 157, 159 (9th Cir. 1997) (finding the omission of criminal history of the CI was material to the probable cause finding; therefore the fruits of the search warrant were appropriately suppressed)

### III. CONCLUSION

The Government does not object to suppressing the items seized pursuant to the executed search warrant; consequently, this Court considers the Motion to Suppress as unopposed. However, doing so should not be read as finding a lack of probable cause for law enforcement to search Ford's residence. Absent an evidentiary hearing—during which all of the evidence relied upon by the Magistrate Judge could be reviewed—this Court is unable to make a finding of fact regarding whether or not the non-CI-based evidence would have provided the Magistrate Judge sufficient, independent, grounds to issue the warrant.[7]

Given that the Government does not oppose suppressing the fruits of the search of Ford's residence, which is the purpose of the present Motion, such a finding of fact is unnecessary. In accordance with the wishes of the parties, this Court recommends the Motion to Suppress [Doc. 104] be GRANTED.

DATED this 30th day of July, 2020, at Anchorage, Alaska.

*s/ Matthew M. Scoble*
U.S. MAGISTRATE JUDGE

---

[7] This Court notes the distinct differences between *Hall* and the current situation. In the instant case, the CI was not presented to the issuing magistrate judge as the main material provider of information; rather this was an investigation that involved information from a co-defendant and a history of packages being seized or tracked by the postal service.

*United States v. Ford*
3:19-cr-00112-TMB-MMS-3
Final R&R on Motion to Suppress [Doc. 104]

Pursuant to Fed. R. Crim. P. 59(b)(2) and D. Alaska Loc. Mag. R. 6(a), a party seeking to object to this final finding and recommendation shall file written objections with the Clerk of Court no later than the **CLOSE OF BUSINESS** on **August 13, 2020**. Pursuant to Fed. R. Crim. P. 59(b)(3), objections will be considered first by the District Court Judge, who will then accept, reject, or modify the recommendation, or resubmit the matter to the Magistrate Judge for additional consideration. Failure to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal. *Miranda v. Anchondo, et al.*, 684 F.3d 844 (9th Cir. 2012). The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation. *United States v. Howell*, 231 F.3d 615 (9th Cir. 2000). Objections and responses shall not exceed **five (5) pages** in length, and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support. Response(s) to the objections shall be filed on or before the **CLOSE OF BUSINESS** on **August 20, 2020**. The parties shall otherwise comply with provisions of D. Alaska Loc. Mag. R. 6(a).

Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).

*United States v. Ford*
3:19-cr-00112-TMB-MMS-3
Final R&R on Motion to Suppress [Doc. 104]