IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>      v.<br><br>KENNETH ANTONIO KIARE FORD,<br>a/k/a "Keyes"<br><br>                 Defendant. | Case No. 3:19-cr-00112-TMB-SAO-3<br><br>ORDER ON DEFENDANT FORD'S<br>MOTION FOR RELIEF FROM<br>MISJOINDER (DKT. 344)<br>AND MOTION TO SEVER (DKT. 345) |

## I. INTRODUCTION

The matter comes before the Court on Defendant Kenneth Antonio Kiare Ford's Motion for Relief from Misjoinder and Motion to Sever (collectively the "Motions").[1] The Government filed a combined response in opposition to the Motions.[2] Oral argument was not requested, and the Court finds the matter suitable for disposition without oral argument. For the following reasons, Ford's Motions at Docket 344 and Docket 345 are **DENIED**.

## II. BACKGROUND AND FACTS

On October 15, 2019, the Government filed an Indictment against Ford and his codefendants for one count of Drug Conspiracy in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A).[3] The Government later filed a Superseding Indictment that expanded the scope of the drug conspiracy and added additional charges including for Continuing Criminal Enterprise in

---

[1] Dkt. 344 (Motion for Relief from Misjoinder); Dkt. 345 (Motion to Sever).

[2] Dkt. 353 (Opposition).

[3] Dkt. 12 at 2 (Indictment).

1

violation of 21 U.S.C. § 848(a), (b) (Count 1); Money Laundering Conspiracy in violation of 21 U.S.C. § 1956(h) (Count 3); Using Firearm to Commit Murder in Furtherance of Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(a)(iii), (j) (Count 4); and Killing in Furtherance of Continuing Criminal Enterprise in violation of 21 U.S.C. § 848(e)(1)(A) (Count 5).[4] The initial charge for Drug Conspiracy remained and was charged as Count 2.[5] The Superseding Indictment charges only Defendant Matthew Wilson Moi with use of a firearm to commit murder in furtherance of a drug trafficking crime and killing in furtherance of a criminal enterprise.[6] Ford was charged for drug conspiracy and for money laundering conspiracy.[7]

### A. Trial Continuances

When Ford was initially arraigned on the original Indictment, the Court set the case for trial and set deadlines for discovery and pretrial motions.[8] Trial was set for December 16, 2019, but the defendants, including Ford, moved to continue the trial to a later date.[9] The Court granted defendants' motions to continue and reset trial for April 20, 2020.[10] On March 22, 2020, in response to the COVID-19 pandemic, the Court issued the first of a series of Miscellaneous General Orders ("MGO") that continued all criminal jury trials and this trial was again delayed.[11]

---

[4] Dkt. 189 at 1–2 (Superseding Indictment).

[5] *Id.* at 1, 7–8

[6] *Id.* at 9.

[7] *Id.* at 7–9.

[8] Dkt. 15 (Minute Entry); Dkt. 17 (Order for the Progression of a Criminal Case).

[9] Dkts. 17, 60 (Text Entry).

[10] Dkt. 60.

[11] *See* D. Alaska Misc. Gen. Ord. 20-10 (eff. Mar. 22, 2020).

2

The Court has since issued subsequent MGOs that effectively continued criminal jury trials throughout much of the COVID-19 pandemic. During the COVID-19 pandemic, Defendant Jordan Jerome Shanholtzer moved to continue trial on the bases that more time was needed to address the new charges in the Superseding Indictment and recent discovery disclosures.[12] The Court granted the motion and reset trial for November 8, 2021.[13]. Then in September 2021, Moi moved to continue the trial due to logistical concerns related to the COVID-19 pandemic, and the Court granted his motion and reset trial for November 30, 2021.[14]

    B. *Pretrial Motion Extensions*

Defendants, including Ford, have repeatedly sought extensions for pretrial motions, which the Court has granted.[15] Following a series of COVID-19 related postponements, on October 20, 2020, the Court set new discovery and pretrial motions deadlines—for November 3, 2020 and November 17, 2020, respectively.[16] In response to Ford's motion to continue, on November 16, 2020, the Court again extended the deadline for pretrial motions to December 1, 2020.[17] But shortly after granting this extension, the Court declared the case complex and reset the case for trial in November 2021.[18] On February 8, 2021, the Court requested that Chief Magistrate Judge

---

[12] Dkt. 219 (Motion to Continue Trial)

[13] Dkt. 237 (Minute Entry).

[14] Dkt. 350 (Minute Entry); *see also* Dkt. 339 (Motion to Continue Trial); Dkt. 347 (Response to Motion to Continue Trial).

[15] Dkt. 37 (Motion to Continue); Dkt. 76 (Motion to Continue); Dkt. 79 (Order); Dkt. 85 (Second Motion for Extension of Time); Dkt. 86 (Order); Dkt. 92 (Motion to Continue); Dkt. 97 (Order).

[16] Dkt. 217 (Minute Entry).

[17] Dkt. 229 (Second Motion to Continue); Dkt. 234 (Order).

[18] Dkt. 237.

Smith "issue new pretrial deadlines in light of the significant discovery produced in this matter as well as the new trial date of November 8, 2021."[19] Magistrate Judge Smith then addressed issues related to pretrial discovery, but did not set a new deadline for pretrial motions.[20] At the February 22, 2021, status conference, counsel for Ford raised the issue of setting the "motions deadline," but ultimately no new deadline was set.[21] The pretrial motions deadline was not discussed at the evidentiary hearings regarding the Motion to Compel Reasonable Access to Counsel and Digital Evidence, held on March 15 and 31, 2021.[22]

    C. *Ford's Pretrial Motions*

On September 27, 2021, Ford filed the two pretrial motions now before the Court—Motion for Relief from Misjoinder[23] and Motion to Sever.[24] In the Motion for Relief from Misjoinder, Ford argues that pursuant to Federal Rule of Criminal Procedure ("Rule") 8(b) "counts 4 and 5 are not properly joined and that Ford's trial should not include those counts."[25] Ford notes that Rule 8(b) permits the joinder of defendants only where two or more defendants "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions,

---

[19] Dkt. 248 (Referral Order).

[20] *See* Dkt. 265 (Minute Entry) (evidentiary hearing set to address the Motion to Compel Reasonable Access to Counsel and Digital Evidence and set the deadlines for prehearing filings).

[21] Dkt. 263 (Transcript) at 31 ("Judge Burgess had a number of questions. We talked about setting a motions deadline. He had questions about discovery. . . .").

[22] *See* Dkt. 281 (Minute Entry); Dkt. 282 (Transcript); Dkt. 287 (Minute Entry); Dkt. 291 (Transcript).

[23] Dkt. 344.

[24] Dkt. 345.

[25] Dkt. 344 at 1–2.

4

constituting an offense or offenses."[26] Ford argues that Counts 4 and 5, which were asserted solely against Moi for the killing of another, are not properly joined because: (1) Ford was not charged in either Count 4 or 5; (2) the evidence in each of the counts is not mutually cross-admissible; and (3) Rule 8(b) does not form a basis for joinder of the counts.[27] In particular, Ford argues that Rule 8(b) does not allow for Counts 4 and 5 against Moi to be joined with the Counts Ford is charged in because: (1) Ford and Moi did not participate in the same act or transaction; and (2) Ford did not participate in the same series of acts or transactions that form the basis for the charges against Moi.[28]

Second, in a separate motion, Ford moves to sever Counts 4 and 5 from Counts 1, 2 and 3 pursuant to Rule 14.[29] Ford notes that Rule 14 empowers a court to order separate trials if the joinder of offenses or defendants "appears to prejudice a defendant."[30] Ford argues that severance is proper here because he will be prejudiced if forced to stand trial alongside Moi on Counts 4 and 5.[31] Specifically, Ford asserts that he would appear prejudiced because (1) Ford risks being found guilty by mere association with Moi; (2) jurors may be disturbed by the fact Ford is prosecuted alongside Moi's murder charges; and (3) Ford's trial may devolve into a lengthy "mega-trial."[32]

---

[26] *Id.* at 4 (quoting Fed. R. Crim. P. 8(b)).

[27] *See id.*

[28] *Id.* at 4.

[29] Dkt. 345 at 1–2.

[30] Fed. R. Crim. P. 14(a).

[31] *See* Dkt. 345.

[32] *Id.* at 6–9.

5

In Opposition to both Motions, the Government argues as a threshold matter that Ford's Motions should be denied because they are untimely. The Government argues that the deadline for all pretrial motions was set for November 17, 2020, and later extended to December 1, 2020.[33] Ford filed the Motions on September 27, 2021, after the deadline.[34] The Government argues Rule 12(c) permits courts to "set a deadline for the parties to make pretrial motions," and only "[i]f the court does not set one, the deadline is the start of trial." The Government concedes, however, that "if the party shows good cause," a court may still consider an untimely motion.[35] The Government argues here that Ford has neither complied with the Court's pretrial motion deadline nor shown good cause for his late Motions, and therefore the Court should deny the Motions.[36]

The Government then argues that if the Court reaches the merits of the Motions, Ford's Motions "are substantively meritless."[37] The Government first addresses the motion for relief from misjoinder. The Government argues that the Counts 1 through 5 are properly joined. The Government explains that "the core of the government's case is the joint agreement to traffic drugs in Alaska by a common group of conspirators."[38] The Government asserts that the general allegations in the Superseding Indictment explain that the alleged killing by Moi "represents one act or transaction that forms the basis for the drug conspiracy charge."[39] The Government asserts

---

[33] Dkt. 353 at 3 (citing Dkts. 229, 234)

[34] Dkts. 344, 345.

[35] Fed. R. Crim. P. 12(c)(3).

[36] Dkt. 353 at 4.

[37] *Id.* at 4.

[38] *Id.* at 6.

[39] *Id.*

6

that the charges related to the killing of Navarrow Andrews reveal the actions that one defendant took to further the ends of the conspiracy.[40] The Government also contends that the evidence that will be presented against Moi in Counts 4 and 5 will also be admissible in Count 1 to prove Shanholtzer guilty of engaging in a continuing criminal enterprise and in Count 2 to prove an overt act taken by members of the conspiracy and Moi's participation in the alleged drug conspiracy.

Second, the Government addresses Ford's motion to sever and asserts that Ford does not risk the appearance of prejudice if the Government tries Ford in the same trial as Moi. The Government argues that severance is only appropriate "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."[41] To overcome the presumption that defendants who are properly joined should be tried together, the Government asserts that Ford must show "compelling circumstances," which Ford has not.[42] According to the Government, Ford has also not identified potential prejudice that would warrant severing Counts 4 and 5.[43] Courts typically determine whether to sever a defendant or charges based on whether a jury will be able to compartmentalize the evidence related to each defendant.[44]

Even though the Government concedes that it may be possible for Ford to successfully argue that the evidence related to the killing of Andrews would be inadmissible if Ford were to be tried separately from the other defendants, the Government calls attention to the fact that Ford has

---

[40] *Id.*

[41] *Id.* at 8 (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)).

[42] *Id.*

[43] *Id.*

[44] *Id.* at 9.

7

not requested that he be tried separately from the other defendants.[45] Instead the relief Ford seeks is for the Court to sever Counts 4 and 5 from Counts 1 through 3. The Government argues that under the relief sought by Ford, evidence of the killing is admissible to establish a continuing criminal enterprise and Moi's involvement in the conspiracy charges.[46]

Finally, the Government argues that even if by joining the counts results in a delay to the resolution of Ford's case, his argument is not persuasive because (1) Ford has accepted that the current trial date is not feasible; and (2) the Court has denied, in large, part Moi's requests to continue trial.[47]

### III. LEGAL STANDARD

"Rules 8(b) and 14 are designed 'to promote economy and efficiency and to avoid a multiplicity of trials, [so long as] these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial.' "[48]

Rule 8 permits the joinder of offenses and defendants. Specifically, Rule 8 provides that an "indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses."[49] "[D]efendants may be charged in one or more counts together or

---

[45] *Id.*

[46] *Id.*

[47] *Id.* at 8.

[48] *Zafiro*, 506 U.S. at 540 (quoting *Bruton v. United States*, 391 U.S. 123, 131 n.6 (1968)).

[49] Fed. R. Crim. P. 8(b).

separately."[50] Joinder is the rule rather than the exception.[51] In conspiracy cases, defendants jointly charged are presumed to be jointly tried.[52]

Severance under Rule 14 guards against prejudicial joinder.[53] Trial judges maintain discretion to sever offenses or defendants "when it appears that a defendant may be significantly prejudiced by a joint trial with his codefendants."[54] But "[t]he general rule is that persons jointly indicted should be jointly tried absent compelling circumstances."[55] "[A] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."[56]

### IV. ANALYSIS

Ford has not demonstrated that the joinder of offenses or defendants was improper or that compelling circumstances warrant trying Moi separately for Counts 4 and 5.

*A. Pretrial Motion Deadline*

For the limited purposes of these Motions, the Court determines that it will accept Ford's Motions as filed and considers the merits of each Motion. The Court notes that December 1, 2020 was the last deadline set for pretrial motions. However, the trial date was continued after the Court

---

[50] Fed. R. Crim. P. 8(b).

[51] *United States v. Armstrong*, 621 F.2d 951, 954 (9th Cir. 1980).

[52] *United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980).

[53] *Zafiro*, 506 U.S. at 539.

[54] *Escalante*, 637 F.2d at 1201.

[55] *United States v. Silla*, 555 F.2d 703, 707 (9th Cir. 1977).

[56] *Zafiro*, 506 U.S. at 539.

9

set that deadline. It is typically the Court's practice that pretrial motions are due one month before the start of trial.[57] Moving forward, pursuant to Rule 12(c)(3), parties will be required to show good cause before the Court will consider any further pretrial motions.

B. *Relief from Misjoinder*

Based on the allegations in the Superseding Indictment, the Court finds that the Government properly joined the counts against Defendants Ford and Moi.[58] Ford is not required to be named in each count for the joinder to be proper.[59] Joinder is proper here because Ford and Moi are alleged to have participated in a series of acts or transactions in furtherance of the same criminal enterprise and conspiracy.[60] Where defendants are joined under Rule 8(b), the relationship between the series of acts or transactions "is most often established by showing that substantially the same facts must be adduced to prove each of the joined offenses."[61] Courts interpret transactions "flexibly, and whether a 'series' exists depends on whether there is a 'logical relationship' between the transactions."[62] A logical relationship is often shown "by the existence of a common plan, scheme,

---

[57] *See* Dkt. 17.

[58] *See United States v. Terry*, 911 F.2d 272, 276 (9th Cir. 1990).

[59] Fed. R. Crim. P. 8(b).

[60] *Id.*

[61] *United States v. Satterfield*, 548 F.2d 1341, 1344 (9th Cir. 1977).

[62] *United States v. Vasquez-Velasco*, 15 F.3d 833, 843 (9th Cir. 1994) (citing *United States v. Felix-Gutierrez*, 940 F.2d 1200, 1208 (9th Cir. 1991)).

or conspiracy,"[63] but can also be shown where "the common activity constitutes a substantial portion of the proof of the joined charges."[64]

At the core of the Government's case against all of the defendants is a joint agreement and "enterprise designed to transport narcotics, including heroin and methamphetamine," into Alaska for distribution.[65] Ford attempts to shift the core of the Government's case to the killing of Andrews, but this attempt to reframe the charges ignores the fact that all five counts relate to the allegation that the defendants each engaged in a joint agreement and enterprise to transport and distribute narcotics in Alaska. Each count requires evidence of the underlying enterprise or conspiracy and the named defendants' involvement in it, including Counts 4 and 5, in which the Government alleges that Moi killed Andrews in furtherance of the conspiracy and enterprise. The Government asserts that the killing of Andrews is evidence of an overt act that it intends to introduce not only to prove Counts 4 and 5, but also as evidence of an agreement between the conspirators.[66] Given this, the Court finds it likely that the drug conspiracy and enterprise allegations represent a common activity among the defendants that will represent a substantial portion of the proof for the joined charges.

Likewise, the Court agrees with the Government that an early resolution of Counts 4 and 5 would not necessarily preclude it from introducing evidence related to Andrews's killing in a trial for Counts 1 through 3. The Government has alleged Moi killed Andrews in furtherance of the

---

[63] *Id.*

[64] *United States v. Sarkisian*, 197 F.3d 966, 976 (9th Cir. 1999) (quoting *Vasquez-Velasco*, 15 F.3d at 844).

[65] Dkt. 189 ¶ 1.

[66] Dkt. 353 at 6.

11

continuing criminal enterprise and drug conspiracy in which Ford was allegedly later involved.[67] Because the Court finds that there is substantial overlap in the evidence required to prove the existence of the enterprise and conspiracy and the actions defendants took in furtherance of the enterprise, the Court concludes that joinder of the counts against Ford and Moi in the Superseding Indictment proper.

C. Motion to Sever

The Court concludes that Ford has not demonstrated that he will appear to be prejudiced if tried alongside Moi on Counts 4 and 5 related to the killing of Andrews. As an initial matter, the Court notes that Ford has not requested to be tried alone. Instead, he asks the Court to sever Moi's trial for Counts 4 and 5. The general rule that defendants who are properly joined should be jointly tried applies in most conspiracy cases.[68] Courts do not assume that because two defendants are tried together for separate charges that one may appear prejudiced.[69] But where concerns of prejudice arise, before severing charges or defendants, courts generally consider the availability of less drastic measures, such as a limiting instruction.[70] "In assessing whether joinder [is] prejudicial [under Rule 14], of foremost importance is whether the evidence as it relates to the individual

---

[67] Dkt. 189 at ¶¶ 13, 17.

[68] *Escalante*, 637 F.2d at 1201.

[69] *See Vasquez-Velasco*, 15 F.3d at 846.

[70] *Zafiro*, 506 U.S. at 539.

defendants is easily compartmentalized. Central to this determination is the trial judge's diligence in instructing the jury on the purpose of the various types of evidence."[71]

Ford has not shown that he will appear prejudiced if required to stand trial with Moi on Counts 4 and 5. Without offering specific reasons, Ford argues that he will face a heightened risk of prejudice by association with Moi, particularly related to Counts 4 and 5, and that a jury is likely to be disturbed by the fact that Ford's codefendant has been charged with murder. The Court is not persuaded by Ford's argument and finds that jury confusion is unlikely here for at least three reasons. First, Ford is not implicated in the facts leading up to Andrews's death, nor does he face any direct charges for the killing of Andrews.[72] Second, the Government's specific factual basis for Counts 2 and 3 against Ford are distinct in nature from those against Moi in Counts 4 and 5. The Government bases its charges against Moi on the following facts: Moi assisted Shanholtzer, Moi arranged for the shipment of packages to Alaska, and Moi killed another man.[73] Meanwhile the Government's factual basis for Ford's involvement in the conspiracy is limited to the allegation that he was the intended recipient of heroin after a codefendant was taken into custody by federal agents.[74] Finally, the factual allegations asserted against Ford and Moi for their individual involvement in the conspiracy are separated by time. Moi is accused of killing Andrews on April 8, 2019, but Ford was not told by Shanholtzer that he would receive a delivery of heroin until

---

[71] *Vasquez-Velasco*, 15 F.3d at 845–46 (internal citations omitted); *see also Escalante*, 637 F.2d at 1201.

[72] *See* Dkt. 189.

[73] *See id.*

[74] *See id.*

sometime in September 2019.[75] For these reasons, the Court finds that the jury will likely be able to compartmentalize the charges against Moi and Ford.

But even if there was a possibility that the jury may attribute facts related to Counts 4 and 5 against Moi with Ford, the Court can preemptively mitigate the hypothetical harm with proper jury instructions. Courts routinely find that jury instructions are a less drastic remedy that can "neutralize" the prejudicial effect of evidence and help the jury compartmentalize the allegations and evidence.[76] Unless otherwise shown, Courts are to presume that juries will follow their instructions.[77] Ford does not address why jury instructions are not adequate here to address the alleged prejudicial harms he asserts are likely. The Court finds that jury instructions are an appropriate and less drastic remedy to address Ford's concerns regarding hypothetical prejudice he may face when tried alongside Moi on Counts 4 and 5.

Furthermore, the Court finds that Ford's general concerns regarding prejudice he may face as a result of a joint trial with Moi do not outweigh the federal system's preference for joint trials.[78] Joint trials promote efficiency and avoid the scandal and inequity of inconsistent verdicts.[79] Ford has not shown any prejudice that may result from being tried alongside Moi on Counts 4 and 5 "outweigh[] the dominant concern with judicial economy."[80] In addition, Ford has not addressed the fact that the relief he seeks may not actually preclude the admission of evidence related to

---

[75] *Id.* ¶¶ 9, 12.

[76] *Escalante*, 647 F.2d at 1201; *see also Zafiro*, 506 U.S. at 539.

[77] *Zafiro*, 506 U.S. at 540.

[78] *Id.* at 537.

[79] *Id.*

[80] *Armstrong*, 621 F.2d at 954.

14

Andrews's death. It therefore remains unclear whether the severance Ford requests would prevent the prejudice with which Ford is concerned. For these reasons, the Court concludes Ford's concerns regarding general prejudice he may experience in a trial that includes Counts 4 and 5 can be mitigated with proper jury instructions and do not outweigh the federal system's preference that defendants who are indicted together are tried together.

Finally, Ford has not shown he would compromise a specific trial right if he is tried with Moi for Counts 4 and 5. After briefing and hearing before the Court, this case was declared complex, and the Court found that "[t]he ends of justice will be served by granting [a] continuance and outweigh the best interest of the public and the defendant in a speedy trial."[81] The Court appreciates that by joining Counts 4 and 5 against Moi some delay may result but finds that such a delay does not compromise a specific trial right. In this case, many of the recent trial delays are the result of the COVID-19 pandemic and not the actions of the parties. Further, Ford recently accepted that the early November 2021 trial date would not be feasible,[82] and the Court has in large part denied Moi's requests to continue trial, most recently continuing trial from November 8, 2021 to November 30, 2021, only.[83] Therefore, the Court finds that Ford's trial will not be unfairly delayed by joining Ford's case with Counts 4 and 5 against Moi.

---

[81] Dkt. 237.

[82] Dkt. 347 (Response).

[83] Dkt. 350 (Minute Entry).

## V. CONCLUSION

For the foregoing reasons, Ford's Motion for Relief from Misjoinder at Docket 344 and Motion to Sever at Docket 345 are **DENIED.**

IT IS SO ORDERED.

Dated at Anchorage, Alaska, this 29th day of October, 2021.

/s/ *TimothyM. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE